Christopher C. Voigt
Monique P. Voigt
David F. Knobel
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529
Telephone: 406-252-3441
Facsimile: 406-252-5292
cvoigt@crowleyfleck.com
mvoigt@crowleyfleck.com
dknobel@crowleyfleck.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY JANE KROSCHEL,<br><br>    Plaintiff,<br><br>  vs.<br><br>MID-CENTURY INSURANCE COMPANY, a member company of FARMERS INSURANCE GROUP of COMPANIES,<br><br>    Defendants. | Cause No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant Mid-Century Insurance Company ("Mid-Century"), incorrectly referred to in the Complaint and caption as a member company of the Farmers Insurance Group of Companies, hereby gives notice to all interested parties that the

above-captioned action is removed pursuant to 28 U.S.C. §§ 1441 and 1446 from the Fourth Judicial District of the State of Montana, County of Missoula, Civil Action No. DV-18-341, to the United States District Court for the District of Montana, Missoula Division based on diversity of citizenship. The grounds for the removal are as follows:

## BACKGROUND

1. On March 21, 2018, Plaintiff Marcy Jane Kroschel ("Kroschel") filed a Complaint against Mid-Century in the Fourth Judicial District of the State of Montana, County of Missoula, Civil Action No. DV-18-341 ("State Action").

2. On May 7, 2018, formal service of process occurred when the Complaint was served on Doren E. Hohl, the Agent for Service for Mid-Century listed on the website of the California Department of Insurance.

3. This Notice of Removal is timely filed with the Court pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt of the initial pleading.

## DIVERSITY OF CITIZENSHIP

4. The United States District Court for the District of Montana has jurisdiction over the removed State Action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00.

5.      Kroschel alleges in the Complaint that Kroschel is a resident of Beaverton, Oregon and was previously a resident of Missoula, Montana. Complaint, attached hereto as Exhibit 1, ¶ 2. Kroschel is therefore a citizen of Oregon for federal diversity purposes.

6.      Kroschel alleges in the Complaint that Mid-Century is organized under the laws of California with its principal place of business in Woodland Hills, California. Exhibit 1, ¶¶ 3.

7.      Mid-Century is a California corporation headquartered in California and is therefore a citizen of California for federal diversity purposes. The website of the California Secretary of State lists Mid-Century as a California Domestic Stock entity, and the California Department of Insurance lists Mid-Century with a State of Domicile of California.

8.      Therefore, complete diversity exists under 28 U.S.C. § 1332(a)(1) between Plaintiff and Defendant.

## **AMOUNT IN CONTROVERSY**

9.      The amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs. The Complaint is the "initial pleading" under 28 U.S.C. § 1446(c)(2)(A) and seeks both nonmonetary relief and a money judgment, but does not contain a demand for a specific amount other than damages for "over $12,000" plus costs, and mental and emotional suffering. Exhibit 1, ¶ 43. The Complaint also

seeks "all remedies to which she is entitled" and requests attorney's fees and punitive damages. Exhibit 1, ¶¶ 40, 43, 47, 51. The practice in the State of Montana "permits recovery of damages in excess of the amount demanded" within the meaning of 28 U.S.C. § 1446(c)(2)(A).

10.   Therefore, this Notice of Removal "may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A). This Notice of Removal asserts the amount in controversy exceeds $75,000.00 exclusive of interests and costs because Kroschel seeks over $12,000, plus costs, plus damages for mental and emotional suffering, plus all remedies to which she is entitled, plus attorney's fees, plus punitive damages. The applicable insurance policy's coverage limit is greater than $75,000.00. All of the aforementioned information taken together forms an objectively reasonable basis for removal.

11.   The Ninth Circuit Court of Appeals has held that punitive damages are properly included in a calculation of the amount in controversy for purposes of removal on diversity of citizenship grounds. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).

12.   Courts also include future attorneys' fees in a calculation of the amount in controversy for purposes of removal on diversity of citizenship grounds. *See, e.g., Feller v. Hartford Life & Acc. Ins. Co.,* 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010).

13. Here, the amount of the alleged damages, the other relief sought including mental and emotional suffering, attorneys' fees, punitive damages, and the policy limit show that the amount in controversy exceeds $75,000.00. "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550, 190 L. Ed. 2d 495 (2014).

14. Should Kroschel or the Court question or contest Mid-Century's amount-in-controversy allegation, Mid-Century will consider any offer from Kroschel for a stipulation that Kroschel seeks less than $75,000.00 in total.

15. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this is an action where the amount in controversy exceeds the sum or value of $75,000.00 and there is complete diversity of citizenship between Plaintiff and Defendant.

## REMAINING REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(d), Mid-Century will promptly serve written notice of the filing of this Notice of Removal upon all other parties and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Montana Fourth Judicial District Court, Missoula County.

17. Pursuant to 28 U.S.C. § 1446(a), Mid-century files together with this

Notice of Removal a copy of all process, pleadings, and orders served in this case, attached hereto as Exhibit 2. These attachments constitute all documents known by Mid-Century to have been served in the case.

18. No defendants have appeared in the State Action.

19. No previous application has been made for the relief requested herein.

20. By filing this Notice of Removal, Mid-Century does not waive any defenses that may be available to contest Kroschel's allegations made in the Complaint.

WHEREFORE, Mid-Century removes this case on the basis set forth above.

Dated this 4th day of June 2018.

/s/ Monique P. Voigt
Christopher C. Voigt
David F. Knobel
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529

Attorneys for Defendants